# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  **MEMORANDUM OF LAW & ORDER**
                                    Criminal File No. 16-330 (MJD/HB)

(1) JULIUS MALIK HEARD,

        Defendant.

Jeffry Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Julius Malik Heard, pro se.

      This matter is before the Court on Defendant Julius Malik Heard's Pro Se Motion to Vacate Conviction. [Docket No. 40]

      On February 16, 2017, Defendant Julius Malik Heard pled guilty to Count One of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Defendant to the Bureau of Prisons for a term of 71 months. Defendant appealed his sentence to the Eighth Circuit Court of Appeals. On June 28, 2018, the Eighth Circuit affirmed. [Docket No. 36] The mandate issued on July 19, 2018. [Docket No. 38]

1

On August 8, 2019, Defendant filed a motion requesting that his conviction be vacated based on the United States Supreme Court's decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019).  [Docket No. 40]  The Government has filed its opposition to Defendant's motion.

Defendant's motion is not captioned as a § 2255 motion; however, the correct procedure for Defendant to challenge the validity of his conviction would be to bring a motion under 28 U.S.C. § 2255.  Under <u>Castro v. United States</u>, the Court may not recharacterize a pro se litigant's motion as a request for relief under § 2255 unless the Court first warns the pro se litigant about the consequences of the recharacterization.  540 U.S. 375, 382 (2003).

If this motion is recharacterized as a § 2255 motion, any subsequent § 2255 motion Defendant might file will be subject to the restrictions placed on "second or successive" motions.  <u>See</u> 28 U.S.C. § 2255(h).  Prisoners are greatly restricted from filing "second or successive" motions under § 2255 challenging the same conviction or sentence.  <u>Id.</u>  If Defendant wishes to proceed with a § 2255 motion, he should include every claim that he believes is available to him, so that those claims will not later be barred by § 2255(h).  Should Defendant not wish to proceed with the § 2255 motion at this time, he may voluntarily dismiss this

motion; that said, Defendant is warned that claims under § 2255 are governed by a one-year limitations period, see 28 U.S.C. § 2255(f), and that delay in prosecuting his claims could result in those claims becoming time-barred.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Defendant has 30 days from the date of this Order to submit an amended § 2255 motion or withdraw his current motion. Absent withdrawal or modification, the Court will recharacterize Defendant's current motion as a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence and will rule on that motion.

Dated: December 11, 2019         s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court