# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                             Criminal File No. 16-330 (MJD/HB)

(1) JULIUS MALIK HEARD,

      Defendant.

Jeffry Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Julius Malik Heard, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Julius Malik Heard's Pro Se Motion to Vacate Conviction. [Docket No. 40]

## II.    BACKGROUND

On February 16, 2017, Defendant Julius Malik Heard pled guilty to Count One of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Defendant to the Bureau of Prisons for a term of 71 months. Defendant appealed his sentence to the Eighth

Circuit Court of Appeals. On June 28, 2018, the Eighth Circuit affirmed. [Docket No. 36] The mandate issued on July 19, 2018. [Docket No. 38]

On August 8, 2019, Defendant filed a motion requesting that his conviction be vacated based on the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). [Docket No. 40] The Government opposes Defendant's motion.

Defendant's motion is not captioned as a § 2255 motion; however, the correct procedure for Defendant to challenge the validity of his conviction would be to bring a motion under 28 U.S.C. § 2255. On December 11, 2019, the Court warned Defendant of the consequences of recharacterizing his motion as a § 2255 motion. See Castro v. United States, 540 U.S. 375, 382 (2003). The Court ordered that Defendant had 30 days from the date of that Order to submit an amended § 2255 motion or withdraw his current motion. Absent withdrawal or modification, the Court would recharacterize Defendant's current motion as a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence and would rule on that motion. More than 30 days have passed, and Defendant has not submitted an amended § 2255 motion or withdrawn his current motion. Thus, the Court recharacterizes Defendant's current motion as a motion under 28

U.S.C. § 2255 seeking to vacate, set aside or correct his sentence and addresses the merits of that motion.

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Applicability of Rehaif v. United States

Defendant's motion provides no legal argument, but simply asks the Court "for a vacation of conviction in reference to the newfound decision on behalf of Rehaif v. United States."

In Rehaif v. United States, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Here, Defendant pled guilty to being a felon in possession of a firearm. Thus, the relevant category of persons is any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1)).

4

On October 23, 2014, Defendant was sentenced to 36 months in custody for his Minnesota felony conviction of second-degree assault with a dangerous weapon inflicting substantial bodily harm. (PSI ¶ 38.) Defendant was released from custody on April 25, 2016, having served more than one year in prison. (Id.) On August 28, 2016, Defendant committed the instant offense when he was found to be in possession of a firearm. (Id. ¶ 6.)

On February 16, 2017, Defendant signed a Plea Agreement in this case stating: "The defendant admits that he knowingly possessed the firearm on the day in question, and **knew it was illegal for him to possess a gun due to his prior felony conviction**." (Plea Agreement ¶ 1 (emphasis added).)

During the February 16, 2017, change of plea hearing, Defendant testified under oath that he possessed the firearm on August 28, 2016. (Plea Tr. 17.) He further testified that, on August 28, 2016, he knew that he was not allowed to possess that firearm. (Id. 19.) He also testified that he knew that he was not allowed to have the firearm at that time because of his previous state conviction in 2014 for second-degree assault. (Id.) (See also PSI ¶ 10 (Defendant's written statement of responsibility stating that he "readily admits that he knew it was illegal for him to possess said weapon").)

5

The uncontested evidence in the record, including Defendant's own sworn testimony, establishes that, at the time Defendant committed the instant offense, he knew that he belonged to the relevant category of persons barred from possessing a firearm, namely that he had previously been convicted of a felony. The Court concludes that Rehaif had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm." United States v. Shobe, No. 11-CR-0149-003-CVE, 2019 WL 3029111, at *2 (N.D. Okla. July 11, 2019). Therefore, Defendant's motion under § 2255 is denied.

**C.      Certificate of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Julius Malik Heard's Pro Se Motion to Vacate Conviction [Docket No. 40] is **DENIED**.

2. The Court **DENIES** a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 4, 2020      s/ Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court